## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.C. | : | CIVIL ACTION |
| v. | : | NO. 09-3240 |
| ANTHONY MARK BIANCHI | : | |

---

| | | |
|---|---|---|
| M.M. | : | CIVIL ACTION |
| v. | : | |
| ANTHONY MARK BIANCHI | : | NO. 09-3241 |

---

| | | |
|---|---|---|
| E.C. | : | CIVIL ACTION |
| v. | : | NO. 09-3243 |
| ANTHONY MARK BIANCHI | : | |

---

| | | |
|---|---|---|
| A.S. | : | CIVIL ACTION |
| v. | : | NO. 09-3247 |
| ANTHONY MARK BIANCHI | : | |

---

### MOTION TO ENFORCE CHARGING LIEN ON A QUANTUM MERUIT BASIS AND MEMORANDUM OF LAW

The law form of Frost Van den Boom & Smith, P.A. files its Motion to Enforce Charging Lien on a Quantum Meruit Basis filed in the above-styled proceedings, and alleges:

1.     This is a motion for the enforcement of an attorney charging lien on a quantum meruit basis by the law firm of Frost Van den Boom & Smith, P.A.

2.      Frost Van den Boom & Smith, P.A. is located in Bartow, Polk County, Florida.

3.      In 2007 Frost Van den Boom & Smith, P.A. (at that time the firm was still named Frost Tamayo Sessums & Aranda, P.A.) undertook the representation of the Plaintiffs in the instant case.

4.      The work performed for each Plaintiff benefited any and all Plaintiffs in the case and the work is incapable of being separated.

5.      Sergiu Gherman, the attorney now claiming most of the fee, and his senior partner, John W. Frost, II, were primarily responsible for all cases.

6.      Contracts were signed with all Plaintiffs.   See Composite Exhibit A attached.

7.      Sometime in September of 2009, Sergiu Gherman left his then law firm of Frost Van den Boom & Smith, P.A.

8.      Upon his departure, the Plaintiffs in the instant case continued to be represented by Sergiu Gherman.

9.      The clients did not dismiss the Frost Van den Boom & Smith, P.A. law firm because they were dissatisfied with Mr. Gherman's work while at Frost Van den Boom & Smith.

10.     On September 22, 2010, Sergiu Gherman and John W. Frost, II from Frost Van den Boom & Smith, P.A. signed a claim for retaining and charging lien in which Mr. Gherman acknowledges the entitlement to such lien.  See Composite Exhibit B.

11.     Sometime in 2011 a settlement was reached between the Plaintiffs and the Defendant.

12.     It is believed that the settlement amount is $725,000.00.   Since the contingency fee contract entitles the firm to 40% contingency fee, this amount would be $290,000.00.   The $725,000.00 is being held in trust.   As such there is a fund that has been created which is subject to the charging lien.

13.     Mr. Gherman's work performed while at the law firm of Frost Van den Boom & Smith, P.A. contributed substantially to the reaching of the settlement agreement in the instant case.

14.     At the time of the representation by the law firm of Frost Van den Boom & Smith, P.A., the firm assumed 100% of the responsibility of the representation.   The character of the services rendered from the difficulty of the problems involved was great.

15.     The litigation was extremely important.   At the time of his employment at Frost Van den Boom & Smith, P.A., Mr. Gherman's professional skill and standing as an attorney in his profession was excellent.   Due to the nature of the amount of the settlement fund, the clients are able to pay the reasonable fee for the services rendered.

16.     The law firm of Frost Van den Boom & Smith, P.A. is entitled to attorney's fees incurred in its efforts to collect on the charging lien.

## MEMORANDUM OF LAW

## CHOICE OF LAW

A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state in determining which state's law to apply to the substantive issues before it.   *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487 (1941). Because Pennsylvania is the forum for this action, its choice of law rules apply to Frost

Van den Boom & Smith, P.A.'s claim for an attorney's charging lien based on quantum meruit. Because choice of law analysis is issue specific, different state laws may apply to different issues in a single case. *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616 (Pa.2009). No choice of law analysis is necessary if no actual conflict exists between the laws of the different states; in this case, Florida and Pennsylvania. *In re Actiq Sales & Marketing Practices Litigation,* 2011 WL 1103796 (E.D.Pa.2011).

Step one in the choice of law analysis requires the court to determine whether an actual conflict exists between two (2) state laws. *Hammersmith v. Tig Ins. Co.,* 480 F.3d 220 (3d Cir. 2007). Step two, the final step in the choice of law analysis requires the court to assess the relevant context of each state based on the underlying facts. *Id.* at 231.[1] Frost Van den Boom & Smith, P.A. submits that there is no actual conflict between the two (2) states. Both states have similar methods by which the quantum meruit fee should be determined. *See Mitchell v. Coleman,* 868 So.2d 639 (Fla. 2d DCA 2004)(citing *Correa v. Christensen,* 780 So.2d 220 (Fla. 5th DCA 2001)) and see *In the Matter of Independent Pier Company,* 210 B.R. 261 (E.D.Pa.); *Recht v. Urban Redevelopment Authority of Clairton,* 168 A.2d 134 (Pa.1961); 29-F.E.B. Pa. Law. 53. As such, the second step of the choice of law analysis need not be reached. However, should this Court find that there is an actual conflict between the two (2) states, Florida law should be applied because the pendulum of the "relevant context" swings in its favor.

---

[1] An attorney charging lien was created for the protection of attorneys against the knavery of their clients.

Also, Frost Van den Boom & Smith, P.A. is asking for attorney's fees in its efforts to collect its reasonable fee.  On that issue, a conflict does exist between the two (2) states.  In *Gossett & Gossett, P.A. v. Mervolion,* 941 So.2d 1207 (Fla. 4th DCA 2006), the court held that fees may be obtained when a law firm has to file suit in order to obtain its fees.  In Pennsylvania, the contingency fee agreement no longer exists after it is terminated and cannot be revived in while or in part by the court.  *Cregis v. Salmanson,* 2002 WL 1018947 (ED.Pa.2002).  Per the aforementioned analysis Florida law applies on this issue.

Mr. Gherman is a resident of Florida.  Frost Van den Boom & Smith, P.A. is a Florida law firm.  The contract(s) were entered into in Florida.  Payment of the fee which is in dispute is due in Florida.

In Pennsylvania, the doctrine of unjust enrichment or quantum meruit is a *quasi* contractual doctrine.  *Levit v. Kutcher,* 1996 WL 614631 (Pa.Com.Pl.1996).  Quantum meruit is defined as "as much as deserved."  Black's Law Dictionary at 1243 6th Ed. 1990. *Paul v. Horton*, 1996 WL 297572 (E.D.Pa.1996, May 22, 1996).  Quantum meruit "measures recovery under implied contract to pay compensation as a reasonable value of services rendered."  *Id.   See also Mulholland*, 822 F.Supp. at 1169 (ED.Pa.1993) (quoting Black's Law Dictionary).

Quantum meruit is an equitable doctrine.  Under Pennsylvania law, "when a person receives a benefit from another, and it would be unconscionable for the recipient to retain that benefit, the doctrine of unjust enrichment requires the recipient to make restitution" (citing *Peterson v. Crown Financial Corp.,* 661 F.2d 287, 295 (3d Cir. 1981). *See also Acernese v. KDF Fluid Treatment, Inc., 1995* WL 602895, at *7 (ED.Pa.1995).

It follows, therefore, that to the extent that Defendant received no benefit from Plaintiff's services, the doctrine of unjust enrichment would not require the payment of fees. While Pennsylvania does not have a specific method for calculating attorney's fees quantum meruit, the Pennsylvania Supreme Court set forth a standard for determining reasonable attorney's fees in *In Re Trust Estate v. LaRocca,* 246 A.2d 337 (1968). Even though *Larocca* is an estate case, its analysis has been cited in other contexts as well. *See Mulholland*, 822 F.Supp. at 1161 (E.D.Pa.1993) at 1169.

In *Recht v. Urban Redevelopment Authority of Clairton*, 168 A.2d 134 (1961), the Pennsylvania Supreme Court set forth the five (5) conditions which must be met before a charging lien will be recognized and applied:

[I]t must appear:

(1)     that there is a fund in court or otherwise applicable for distribution on equitable principles;

(2)     that the services of the attorney operate a substantially or primarily to secure the fund out of which he seeks to be paid;

(3)     that it was agreed that counsel look to the fund rather than the client for his computation;

(4)     that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised; and

(5)     that there are equitable considerations which necessitate the recognition application of the charging lien.

*See also Shenango Systems Solutions, Inc. v. Micros-Systems, Inc.,* 887 A.2d 772 (S.Ct.Pa.2006).[2]

---

[2] In *Mager v. Bultena,* 797 A.2d 948 (2002), the majority utilized simply the amount of hours used by the attorney multiplied by a reasonable hourly rate.  However, the concurring Judge Joyce specifically wrote to "I must separate myself from the majorities' pronouncement that the law in Pennsylvania requires that

While equity recognizes the validity of an attorney's charging lien to collect fees on a fund secured by the attorney's efforts on behalf of a client, the principles of equity also allow for a setoff under the inherent powers of the courts in the administration of justice. *Id.* In the instant case, all five (5) of the conditions set forth in the *Recht.*

In *Cherry v. Zucker,* 57 Pa. D & C 4th 33 (Pa.Co.Ct.Com.Pl. 2002)(the court held that where a client terminates a contingency fee contract with an old law firm and the claim is successful with a new law firm, the old law firm possesses and may litigate a quantum meruit claim against the firm's former client. Thus, Frost Van den Boom & Smith, P.A.'s remedy lies in quantum meruit against its former clients.

Zucker hired Cherry as his attorney in a contingency fee contract on November 21, 1990. Mr. Zucker fired Mr. Cherry on February, 1995. On May 27, 1997, Mr. Zucker received a jury award of $2.7 million. In footnote 5 on page 3, the court notes that Cherry was not entitled to discovery of the work product of the subsequent counsel. On page 8, the court reiterates, "that no comparison of the relative contribution of each attorney to the successful outcome of an underlying lawsuit is necessary to the determination of the amount to be recovered by an attorney seeking compensation for his services." On page 12 again the court states:

> The Pennsylvania Superior Court has ruled in one of Plaintiff's own lawsuits that it is not necessary for a court deciding a claim for attorney's fees to make such a comparison [between the attorneys].

The court went on to state that it is settled in the law that a 10 factor test is to be applied in determining the amount of any quantum meruit recovery:

---

a quantum meruit claim sought by a discharged attorney is to be decided based on the computation of the number of hours multiplied by an hourly rate."

1.      the amount of work performed;

2.      the character of the services rendered;

3.      the difficulty of the problems involved;

4.      the importance of the litigation;

5.      the amount of money or value of the property in question;

6.      the degree of responsibility incurred;

7.      whether the fund involved was created by the attorney;

8.      the professional skill and standing of the attorney in his profession;

9.      the results he was able to obtain;

10.     the ability of the client to pay a reasonable fee for the services rendered.

The court states that recovery and quantum meruit need not be based on hourly records because they are not routinely kept in a contingency fee case.[3]   Quantum meruit is very fact sensitive.

In *In re Labrum & Doak, LLP v. Brown,* 226 B.R. 161 (E.D.Pa.1998), the court held that not all ten (10) factors had to be proven in order to justify an award.

WHEREFORE, FROST VAN DEN BOOM & SMITH, P.A., respectfully requests after the discovery process and submitting of all evidence and potentially a trial on the evidence that it be awarded a reasonable quantum meruit fee based on the charging lien(s).

---

[3] Again, the majority in *Mager, supra,* simply utilized the hours used by the previous attorneys multiplied by a reasonable hourly rate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 22nd day of July, 2011, I filed a true copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of the electronic filing to Sergiu Gherman, Esq.; Paul Aiello, Esq.; and Andrew F. Susko, Esq. who appear to be registered users of the CM/ECF system.

FROST VAN DEN BOOM
& SMITH, P.A.

By:  s/ Peter W. van den Boom
  Peter W. van den Boom
  Florida Bar No. 143601
  P.O. Box 2188
  Bartow, FL  33831-2188
  Telephone: 863-533-0314
  Facsimile:  863-533-8985
  pwboom@aol.com
  wcarter@fvslaw.com

  *PRO HAC VICE* COUNSEL FOR
  FOR FROST VAN DEN BOOM & SMITH, P.A.